# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FIRTIVA CORPORATION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:21-cv-00111-JRG-RSP |
| FUNIMATION GLOBAL GROUP, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NONPARTY FREEWHEEL MEDIA, INC.'S RESPONSES AND OBJECTIONS TO
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Nonparty FreeWheel Media, Inc. ("FreeWheel") submits the following responses and

objections to Firtiva Corporation's ("Firtiva") Subpoena to Produce Documents, Information, or

Objects or to Permit Inspection of Premises in a Civil Action in the above-captioned matter (the

"Subpoena").

**GENERAL OBJECTIONS**

1.      FreeWheel objects to every request in the Subpoena under Federal Rule of Civil

Procedure 45(d)(3)(B)(i) because it seeks protected information concerning a trade secret or

other confidential and proprietary research, development, or commercial information belonging

to FreeWheel (hereinafter, "Confidential Information"), with respect to which any probative

value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to

every request in the Subpoena because the Protective Order in the above-captioned matter does

not adequately protect FreeWheel's Confidential Information, including for reasons previously

communicated to Firtiva's counsel.  *See* November 5, 2021 Email from P. Sheng to B. Landry.

FreeWheel will not produce any documents in response to the Subpoena unless and until the

Protective Order is amended to adequately protect FreeWheel's Confidential Information.

2.      FreeWheel objects to every request in the Subpoena to the extent it calls for the production of information or documents protected by confidentiality rights of third parties pursuant to any agreement or undertaking prohibiting FreeWheel from disclosing such information, or imposing conditions on any such disclosure.  FreeWheel will not produce any such information or documents until applicable conditions relative to third parties are satisfied.

3.      FreeWheel objects to every request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iii) to the extent that it calls for documents, things, and information protected by the attorney-client privilege, work-product immunity, common-interest privilege, and/or any other applicable exception or privilege.  Any production by FreeWheel in this matter is made pursuant to the protections afforded by the Federal Rules, including the clawback provisions of Federal Rule of Civil Procedure 26(b)(5), for production of information or documents protected by the attorney-client privilege, work-product immunity, and/or any other applicable exception or privilege.  If any documents are produced in response to the Subpoena, FreeWheel's inadvertent disclosure of any privileged document is neither intended as, nor shall be deemed, a waiver of any privilege or immunity.

4.      FreeWheel objects to every request in the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i) on the grounds that it fails to allow a reasonable time for compliance. Requiring FreeWheel to search for, collect, review, and produce the requested documents by the stated compliance date would be unduly burdensome and expensive.

5.      FreeWheel objects to every request in the Subpoena under Federal Rule of Civil Procedure 45(e)(1)(D) on the grounds that it seeks electronically stored information that is not reasonably accessible because of undue burden or cost.  Requiring FreeWheel to search for,

2

collect, review, and produce such inaccessible electronically stored information would be unduly burdensome and expensive.

6.      FreeWheel objects to the purported service of the Subpoena under Federal Rule of Civil Procedure 45(a)(4) to the extent that Firtiva failed to serve a notice and a copy of the Subpoena on each party to the underlying litigation.

7.      FreeWheel objects to the definition of "FreeWheel," "You" and "Your" as overly broad, unduly burdensome, vague, and ambiguous to the extent Firtiva seeks information not in FreeWheel's possession, custody, or control.  Further, Firtiva's definition is overly broad, unduly burdensome, vague, and ambiguous because it includes all of FreeWheel's "officers, directors, employees, agents, partners, corporate parent, subsidiaries, and affiliates."  FreeWheel will interpret "FreeWheel," "You" and "Your" to mean FreeWheel Media, Inc.

8.      FreeWheel objects to the definition of "Firtiva" and "Plaintiff" as overly broad, unduly burdensome, vague, and ambiguous because it includes Firtiva's "officers, directors, employees, agents, partners, corporate parent, subsidiaries, and affiliates."  FreeWheel will interpret "Firtiva" and "Plaintiff" to mean Firtiva Corporation.

9.      FreeWheel objects to the definition of "Funimation" and "Defendant" as overly broad, unduly burdensome, vague, and ambiguous because it includes Funimation's "officers, directors, employees, agents, partners, corporate parent, subsidiaries, and affiliates."  FreeWheel will interpret "Funimation" and "Defendant" to mean Funimation Global Group, LLC.

10.      FreeWheel objects to the definition of "Source Code" as overly broad and unduly burdensome because it includes "any computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL)."  FreeWheel further

objects to the definition under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it includes FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.

11.     FreeWheel objects to the definition of "Communication(s)" as overly broad, unduly burdensome, vague, and ambiguous because it includes "the transmission of information in any form."  FreeWheel further objects to the definition as overly broad and unduly burdensome to the extent it includes electronically stored information that is not reasonably accessible because of undue burden or cost.  FreeWheel will not search through email or other forms of electronic communications because collecting and reviewing such documents would be unduly burdensome and not proportional to the needs of this case.

12.     FreeWheel objects to Instruction No. 1 under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) as overly broad and unduly burdensome because it requires FreeWheel to search for documents in the "actual or constructive possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf."  FreeWheel will only produce documents in its possession, custody or control that are identified through a reasonably diligent search of its files, and from a reasonable inquiry of its present employees.

13.     FreeWheel further objects to Instruction No. 4.  FreeWheel does not intend to produce any documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection, and it objects on grounds of undue burden to creating a privilege log covering documents withheld on that basis.

14.     FreeWheel reserves the right to supplement these objections if additional grounds for objection are discovered.

4

<u>**SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**</u>

**REQUEST FOR PRODUCTION NO. 1**

All FreeWheel source code provided by you to Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrase "[a]ll FreeWheel source code." FreeWheel further objects to this Request as overly broad and unduly burdensome because it seeks information that is more easily obtained by way of party discovery from Funimation without need of a subpoena to FreeWheel. FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it seeks. FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.

Subject to and without waiving any General Objections or Specific Objections, FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2**

All FreeWheel source code used by you to provide services to Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrase "[a]ll FreeWheel source code used by you to provide services to Funimation." FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to

specify a reasonable date range for the documents it seeks.  FreeWheel further objects to this

Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it seeks FreeWheel's

Confidential Information for which any probative value is outweighed by the interest in

preserving its confidentiality.  FreeWheel further objects to this Request as overly broad and

unduly burdensome because it is not proportional to the needs of this case and seeks information

that is not relevant to this case, not relevant to any claim or defense of any party, and not

reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party

to the above-captioned matter and there has been no suggestion that FreeWheel infringes

Firtiva's patent.  The Complaint does not identify FreeWheel or allege facts plausibly showing

that Funimation encourages, directs, or controls FreeWheel to infringe Firtiva's patent.  Likewise,

Firtiva's infringement contentions accuse only Funimation.  The Confidential Information sought

by this Request is not relevant to proving that Funimation infringes Firtiva's patent, and Firtiva

has not otherwise shown any particularized need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 3

All contracts or agreements between you and Funimation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

In addition to its General Objections, which are incorporated herein by reference,

FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the

phrase "[a]ll contracts or agreements."  FreeWheel further objects to this Request under Federal

Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the

documents it seeks.  FreeWheel further objects to this Request as overly broad and unduly

burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it seeks information that is more easily obtained by way of party discovery from Funimation without need of a subpoena to FreeWheel.

Subject to and without waiving any General Objections or Specific Objections, FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**

All documents memorializing, discussing, or pertaining to any contract(s) or agreement(s) between you and Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrase "[a]ll documents memorializing, discussing, or pertaining to any contract(s) or agreements(s)."  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it seeks information that is more easily obtained by way of party discovery from Funimation without need of a subpoena to FreeWheel.

Subject to and without waiving any General Objections or Specific Objections, FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

All documents, communications, or invoices pertaining to payments made by you to Funimation since October 30, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrases "[a]ll documents, communications, or invoices pertaining to payments."  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it seeks information that is more easily obtained by way of party discovery from Funimation without need of a subpoena to FreeWheel.

Subject to and without waiving any General Objections or Specific Objections, FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

All documents, communications, or invoices pertaining to payments made by Funimation to you since October 30, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrases "[a]ll documents, communications, or invoices pertaining to payments."  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not

relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it seeks information that is more easily obtained by way of party discovery from Funimation without need of a subpoena to FreeWheel.

Subject to and without waiving any General Objections or Specific Objections, FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**

All user material documents provided by you to your customers when utilizing your services/products including but not limited to instruction manuals, help pages, and user guides.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrases "[a]ll user material documents" and "including but not limited to instruction manuals, help pages, and user guides."  FreeWheel further objects to this Request as vague and ambiguous with respect to the phrases "user material documents," "when utilizing your services/products," and "help pages."  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it seeks. FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party to the above-captioned matter and there has been no

suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify

FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls

FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only

Funimation.  The Confidential Information sought by this Request is not relevant to proving that

Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized

need for it.

Subject to and without waiving any General Objections or Specific Objections,

FreeWheel is willing to meet and confer regarding the scope of and the information sought by

this Request.

**REQUEST FOR PRODUCTION NO. 8**

All user material documents provided by you to Funimation including but not limited to
instruction manuals, help pages, and user guides.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

In addition to its General Objections, which are incorporated herein by reference,

FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the

phrases "[a]ll user material documents" and "including but not limited to instruction manuals,

help pages, and user guides."  FreeWheel further objects to this Request under Federal Rule of

Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it

seeks.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure

45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information for which any probative

value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to

this Request as overly broad and unduly burdensome because it is not proportional to the needs

of this case and seeks information that is not relevant to this case, not relevant to any claim or

defense of any party, and not reasonably calculated to lead to the discovery of admissible

evidence.  FreeWheel is not a party to the above-captioned matter and there has been no

suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify

FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls

FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only

Funimation.  The Confidential Information sought by this Request is not relevant to proving that

Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized

need for it.  FreeWheel further objects to this Request as overly broad and unduly burdensome

because it seeks information that is more easily obtained by way of party discovery from

Funimation without need of a subpoena to FreeWheel.

Subject to and without waiving any General Objections or Specific Objections,

FreeWheel responds that it is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

All source code relating to FreeWheel's processing of the GET method shown in Figure
20 of the Initial Infringement Contentions, including storage of data contained in the GET
request and report of data containing or derived from the stored data provided or available to
Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

In addition to its General Objections, which are incorporated herein by reference,

FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the

phrase "[a]ll source code relating to . . ."  FreeWheel further objects to the phrase "report of data

containing or derived from the stored data provided or available to Funimation" as vague and

ambiguous.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure

45(d)(1) because it fails to specify a reasonable date range for the documents it seeks.

FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i)

because it seeks FreeWheel's Confidential Information for which any probative value is

outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to this

Request as overly broad and unduly burdensome because it is not proportional to the needs of

this case and seeks information that is not relevant to this case, not relevant to any claim or

defense of any party, and not reasonably calculated to lead to the discovery of admissible

evidence.  FreeWheel is not a party to the above-captioned matter and there has been no

suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify

FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls

FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only

Funimation.  The Confidential Information sought by this Request is not relevant to proving that

Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized

need for it.

  Based on its General Objections and Specific Objections, FreeWheel will not produce

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 10

  All source code relating to data containing or derived from stored data provided or made
available to Funimation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

  In addition to its General Objections, which are incorporated herein by reference,

FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the

phrase "[a]ll source code relating to . . ."  FreeWheel further objects to the phrase "data

containing or derived from stored data provided or made available to Funimation" as vague and

ambiguous.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure

45(d)(1) because it fails to specify a reasonable date range for the documents it seeks.

FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i)

because it seeks FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party to the above-captioned matter and there has been no suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only Funimation.  The Confidential Information sought by this Request is not relevant to proving that Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11**

All source code relating to FreeWheel's processing of cookies, ids, and other information identifying viewer of video for Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrase "[a]ll source code relating to . . ."  FreeWheel further objects to this Request as vague and ambiguous with respect to the phrases "processing of cookies, ids, and other information" and "identifying viewer of video."  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it

seeks.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure

45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information for which any probative

value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to

this Request as overly broad and unduly burdensome because it is not proportional to the needs

of this case and seeks information that is not relevant to this case, not relevant to any claim or

defense of any party, and not reasonably calculated to lead to the discovery of admissible

evidence.  FreeWheel is not a party to the above-captioned matter and there has been no

suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify

FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls

FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only

Funimation.  The Confidential Information sought by this Request is not relevant to proving that

Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized

need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 12

All algorithms utilized by FreeWheel for selecting an advertisement for presentation with
a Funimation video.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

In addition to its General Objections, which are incorporated herein by reference,

FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the

phrase "[a]ll algorithms."  FreeWheel further objects to this Request under Federal Rule of Civil

Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it seeks.

FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i)

because it seeks FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.  FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party to the above-captioned matter and there has been no suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only Funimation.  The Confidential Information sought by this Request is not relevant to proving that Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 13

All source code utilized by FreeWheel for delivering an advertisement to a user and/or Funimation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrases "[a]ll source code" and "a user and/or Funimation."  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it seeks.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information

for which any probative value is outweighed by the interest in preserving its confidentiality. FreeWheel further objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party to the above-captioned matter and there has been no suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only Funimation.  The Confidential Information sought by this Request is not relevant to proving that Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14**

All source code relating to FreeWheel's storage of user information for Funimation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

In addition to its General Objections, which are incorporated herein by reference, FreeWheel objects to this Request as overly broad and unduly burdensome with respect to the phrase "[a]ll source code relating to . . . ."  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(1) because it fails to specify a reasonable date range for the documents it seeks.  FreeWheel further objects to this Request under Federal Rule of Civil Procedure 45(d)(3)(B)(i) because it seeks FreeWheel's Confidential Information for which any probative value is outweighed by the interest in preserving its confidentiality.  FreeWheel further

16

objects to this Request as overly broad and unduly burdensome because it is not proportional to the needs of this case and seeks information that is not relevant to this case, not relevant to any claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.  FreeWheel is not a party to the above-captioned matter and there has been no suggestion that FreeWheel infringes Firtiva's patent.  The Complaint does not identify FreeWheel or allege facts plausibly showing that Funimation encourages, directs, or controls FreeWheel to infringe Firtiva's patent.  Likewise, Firtiva's infringement contentions accuse only Funimation.  The Confidential Information sought by this Request is not relevant to proving that Funimation infringes Firtiva's patent, and Firtiva has not otherwise shown any particularized need for it.

Based on its General Objections and Specific Objections, FreeWheel will not produce documents in response to this Request.

November 15, 2021

DAVIS POLK & WARDWELL LLP

/s/ David J. Lisson
David J. Lisson
david.lisson@davispolk.com
Philip T. Sheng
philip.sheng@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Tel:    (650) 752-2000
Fax:    (650) 752-2111

*Counsel for Nonparty FreeWheel Media, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Felicia Yu, hereby certify that on November 15, 2021, copies of the foregoing NON-

PARTY FREEWHEEL MEDIA, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA

TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT

INSPECTION OF PREMISES IN A CIVIL ACTION were served upon the following as

indicated:

Brian R. Landry  
brian.landry@saul.com  
Saul Ewing Arnstein & Lehr  
131 Dartmouth Street, Suite 501  
Boston, MA 02116

☐ Via First Class Mail  
☐ Via Express Delivery  
☐ Via Hand Delivery  
☒ Via Email

*/s/ Felicia Yu*
_____  
Felicia Yu  
Sr. Litigation Paralegal  
Davis Polk & Wardwell LLP  
1600 El Camino Real  
Menlo Park, CA 94025